W. S. CROUCH ET AL., Respondents, v. WABASH, ST. LOUIS & PACIFIC RAILWY COMPANY, Appellant.

Kansas City Court of Appeals, May 24, 1886.

LANDLORD AND TENANT—LEASE—CONDITION BROKEN—WAIVER—CASE ADJUDGED.—There should be knowledge of the condition broken, in the case of a lease with covenants, in order to make the waiver of it by the landlord effectual. " But if the condition be, that the tenant shall not assign without the written permission of his land-lord, and, notwithstanding this, he makes an assignment, if the landlord subsequently accepts rent from the assignee, it will be considered a waiver of the forfeiture, and will make the lease valid in the hands of the assignee." Taylor on Landlord and Tenant, section 497.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

On the twenty-third day of December, 1874, the St. Louis, Kansas City and Northern Railway Company, whose eastern terminus was then the city of St. Louis, Missouri, leased a small tract of its land near its depot at Carrollton, Missouri, a station on its line between Kansas City and St. Louis, to G. W. Brasher and A. C. Work, for the purpose of erecting a grain elevator and warehouse thereon, adjoining the railway track of said company at that point.

The lease was to run for sixteen years from and after May 1, 1874, and contained, among others, the following clauses :

" And in consideration that the parties of the second part will solicit, and, as far as practicable, do all in their power to procure others to ship grain in bulk over the road of the party of the first part, through and from their said warehouse, the party of the first part hereby agrees to pay to the parties of the second part at the end of each month the sum of one cent for each one hundred pounds of grain shipped in bulk from said warehouse by said parties of the second part to the city of St. Louis, over the road of said first party ; " and, also,

" It is further agreed that neither this lease, nor any parts of the interest or rights of the parties of the second part, or either of them, shall be assigned or transferred to any person or persons whomsoever, without the written consent of the party of the first part, and any transfer or assignment hereof of any interest herein by the parties of the second part without such written consent of the party of the first part, shall be deemed and considered as

a forfeiture of this lease, and of all the rights under or through the same. "

There were shipped from said elevator, by said firm to St. Louis, 6,770,985 pounds of grain during the year 1882, and first six months of 1883, and during same period from the same place by same firm, to Chicago, Illinois, Toledo, Ohio, and Detroit, Michigan, 4,759,320 pounds of grain.

It was admitted that defendant was organized November 10, 1879, and that its railroad extends to the points named.

On the twenty-ninth of June, 1883, Crouch, Wagaman & Company instituted this suit against defendant to recover the sum of $1,153.02, alleged to be due upon all the shipments made by them during the year 1882, and first six months of 1883.

The cause was tried before the court sitting as a jury. The finding and judgment was for the plaintiffs in the sum of $677.09, from which defendant duly perfected its appeal.

GEO. S. GROVER, for the appellant.

I.   The contract sued on was for the *personal* influence of the original lessees only, and was not a covenant running with the land, and, therefore, was not assignable. *Spencer's Case*, 5 Coke 16 ; 1 Smith's Leading Cases, 138 ; Taylor on Landlord and Tenant (5 Ed.) sect. 260 ; *Lansden v. McCarthy*, 45 Mo. 106.

II.   The covenant not to assign the lease without the written consent of defendant was valid and should be enforced in this case.   Sect. 3075, Rev. Stat. ; *Rutherford v. Tillman*, 42 Mo. 216 ; *McCartney v. Auer*, 50 Mo. 395 ; Taylor on Landlord and Tenant, sect. 402, and cases cited ; 1 Parsons on Cont. 220.

III.   There was no *waiver* of the conditions of the contract, or ratification of the various transfers, by the defendant.   Taylor on Landlord and Tenant, sect. 497,

note 5; *Tucker v. Railroad*, 54 Mo. 177; *Brown v. Railroad*, 67 Mo. 122; *Mayberry v. Railroad*, 75 Mo. 492; Story on Agency (9 Ed.) sects. 69, 239; *Middleton v. Railroad*, 62 Mo. 579; *Cravens v. Gillelan*, 63 Mo. 28. It was not shown that defendant's agent knew of the broken condition (as to assignment), or as to what authority he had to bind defendant, even if he did know it. Without such proof no knowledge could be brought home to defendant. *Tucker v. Railroad, supra*; *Brown v. Railroad, supra*; Story on Agency, *supra*.

J. W. SEBREE and HALE & SONS, for the respondents.

I. The covenants of the lease were neither personal nor collateral, but covenants *real, running* with the land; and any assignee of said lease could maintain for breach without being named therein. *Norman v. Wells*, 17 Wendell (N. Y.) 145; 4 Kent's Com. (11 Ed.) 556. Section 3093, Revised Statutes, authorizes the assignee in a lease to sue for rent. *Lansden v. McCarthy* (45 Mo. 145), is unlike the case at bar; but even that case supports this claim.

II. Had this lease been for less than two years, under section 3075, Revised Statutes, it could not have been assigned without the written consent of the landlord. But under section 3080, Revised Statutes, in spite of section 3075, *supra*, or the contract of the parties as to assignment, the lessee under such restrictions can attorn the possession of the demised premises, and all rights thereunder, to a purchaser under a deed of trust. *Gunn v. Sinkler*, 57 Mo. 357; *May v. Luckett*, 54 Mo. 438. The assignment *here*, under section 3080, Revised Statutes, was a legal assignment. *McCarthy v. Auer*, 50 Mo. 398.

III. The defendant consented to a former assignment of this lease, in writing, with full knowledge of the sale and assignment. License to assign being once given the

restriction is forever removed. *Chipman v. Emerick*, 5 Cal. 49; 4 Kent's Comm. (11 Ed.) 104.

IV. Defendant with full knowledge that plaintiffs claimed to own, and were operating the elevator, *paid the rebates to them.* A railroad can ratify unauthorized acts as well as an individual. 3 Patterson Mo. Dig. 77; *Tucker v. Railroad*, 54 Mo. 181.

ELLISON, J.—By a chain of assignments the lease was transferred to plaintiffs, Crouch, Wagaman & Company. Storms was the company in the firm which was organized under such style, January 1, 1882. During the year 1881 the firm was known as Crouch & Wagaman, though Storms was a silent member thereof. The membership of the firm was the same during the year 1881, and up to the institution of this action, the only difference being that in January, 1882, "& Co." was added to the name of the partnership. All the transferees of the lease had operated the elevator and shipped grain under its terms, and defendant recognized their right so to do, by making settlements and payments, without protest or objection, under the terms of the lease. Defendant's last payment was made to Crouch & Wagaman in June, 1882, for shipments made by them up to January, 1882.

The defence made here is, that the several assignments, with perhaps one exception, were made without the written consent of defendant; and that, in law, no assignment could be made of that portion of the lease agreeing to pay for shipments which the original lessees were employed to make and solicit. There is no necessity whatever for us to consider or pass upon this defence, as it is shown by the evidence that defendant has recognized each successive transfer by making payments under the terms of the lease. Defendant made payment to these plaintiffs under the name of Crouch & Wagaman for shipments made up to the beginning of the account in suit, which, in our view, makes them liable to this action.

Defendant contends that there is no proof that it had any knowledge of the condition broken, in the lease, that is, of its being assigned. And that there was no proof of the authority or agency of those persons whose letters concerning the claim sued upon were introduced in evidence. It is true the evidence wholly fails to show who were the writers of the letters; whether they were employes of defendant or strangers, and if employes, whether brakemen, switchmen, general freight agent, or president. It does appear, however, as before stated, that defendant made payments to the plaintiffs, and, as a matter of course, had the knowledge now claimed to be wanting.

There should be knowledge of the condition broken before a waiver by the landlord. "But if the condition be, that the tenant shall not assign without the written permission of his landlord, and, notwithstanding this, he makes an assignment, if the landlord subsequently accepts rent from the assignee, it will be considered a waiver of the forfeiture, and will make the lease valid in the hands of the assignee." Taylor's Landlord and Tenant, section 497.

There were cross appeals in this case; plaintiffs contending they should have been allowed for shipments made to points east of St. Louis, as well as to St. Louis. Under the terms of the lease upon which plaintiffs base their action, we think the court properly held them to the amounts shipped to the point provided in the lease.

The judgment is affirmed. The other judges concur.